UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

**DECLAN FLIGHT, INC. and RIGHT RUDDER AVIATION, LLC,**

   Plaintiffs,

v.                                                       Case No: 5:23-cv-301-GAP-PRL

**TEXTRON EAVIATION, INC. and TEXTRON, INC.,**

   Defendants.

## ORDER

In this action, Plaintiffs allege that Defendants tortiously interfered with various agreements and engaged in other malicious conduct intended to damage them. (Doc. 1). On July 21, 2023, Defendants filed a motion to dismiss Plaintiffs' Complaint and now seek to file under seal various documents for the Court's review in determination of the motion to dismiss. (Docs. 33, 35).[1] Plaintiffs have no objection to the instant motion.

Specifically, Defendants seek to seal the following documents:

- Portions of a letter dated November 11, 2022, sent from Law Firm Ketler & Partners l.f. LLC on behalf of Pipistrel d.o.o. and Pipistrel Italia S.r.l., (together, "Pipistrel") to Tyler Van Vorhees, Esq. and Plaintiff Right Rudder Aviation, LLC ("RRA Termination Letter"), under Exhibit 1 to the Declaration of Mitchell A. Karlan (Doc. 28-1);

---

[1] Defendants' initial motion for leave to file under seal (Doc. 33) is terminated based on the filing of the amended motion.

- The 25 Aircraft Purchase Agreement, between Plaintiff Right Rudder Aviation, LLC ("RRA"), and Mesa Air Group Inc. ("Mesa"), fully executed on August 19, 2022 (the "Mesa Agreement"), under Exhibit 2 to the Declaration of Mitchell A. Karlan (Doc. 28-2); and

- Portions of the Motion to Dismiss (Doc. 27) and the Declaration of Professor Dr. Damjan Možina, LL.M. (Doc. 32) referencing the substance of the Mesa Agreement.

## I.  LEGAL STANDARD

While the Eleventh Circuit recognizes a "presumptive common law right to inspect and copy judicial records," *United States v. Rosenthal*, 763 F.2d 1291, 1292–93 (11th Cir. 1985), a party may overcome the public's right to access by demonstrating good cause. *Romero v. Drummond Co., Inc.*, 480 F.3d 1234, 1246 (11th Cir. 2007). In balancing the competing interests of the public's right of access and the party's interest in maintaining confidentiality, a court may consider:

> [W]hether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents.

*Romero*, 480 F.3d at 1246. And where, as here, the motion to seal is uncontested, "the Court must still ensure that the motion is supported by good cause." *Main & Associates, Inc. v. Blue Cross & Blue Shield of Ala.*, No. 2:10-CV-326-MEF, 2010 WL 2025375, at *2 (M.D. Ala. May 20, 2010).

## II.      DISCUSSION

### A.      The RRA Termination Letter[2]

The RRA Termination Letter was sent by counsel for Pipistrel to RRA, stating numerous grounds on which Pipistrel believed RRA had breached the distribution agreement between Pipistrel and RRA and is central to Count II of the Complaint. According to Defendants, the RRA Termination Letter contains the identities of Pipistrel customers and discusses the actions (or omissions) that RRA has taken with respect to those customers, including amounts owed to such customers, statements made to such customers, and business decisions of such customers.

The Court agrees that protecting the privacy and business interests of these customers, who are neither parties to this litigation nor affiliated with any party, presents good cause to redact their names from the RRA Termination Letter. *See e.g., Local Access, LLC v. Peerless Network, Inc.,* No. 6:17-cv-236-WWB-EJK, 2022 WL 17452314, at *1 (M.D. Fla. Dec. 6, 2022) (permitting party to file customer names and other business information under seal); *Toms v. State Farm Life Ins. Co.,* No. 8:21-cv-736-KKM-JSS, 2022 WL 2953523, at *8 (M.D. Fla. July 26, 2022) (granting a motion to seal exhibits containing private information of third parties); *Aileron Inv. Mgmt., LLC v. Am. Lending Ctr., LLC*, No. 8:21-cv-146-MSS-AAS, 2022 WL 523549, at * 3 (M.D. Fla. Feb. 22, 2022) ("confidential business information from nonparties . . . presents good cause to seal the exhibits.")

---

[2] Defendants filed a redacted copy of the RRA Termination Letter at Doc. 28-1.

B.     The Mesa Agreement[3]

The Mesa Agreement is an agreement between RRA and Mesa (a non-party) for Mesa to purchase certain of Pipistrel's aircraft. This agreement is the contract on which Count III of Plaintiffs' Complaint is based.

Defendants ask the Court to seal the Mesa Agreement in its entirety because it contains a confidentiality provision, reflects the business decisions of non-party Mesa, includes competitively sensitive and detailed pricing information for Pipistrel aircraft, and includes RRA's banking and account information. Defendants argue that there is no less onerous alternative to sealing the entire Agreement because the confidential information permeates the document.

Courts in this District have routinely recognized that maintaining the privacy of confidential business information can constitute good cause for keeping documents from the public view. *See, e.g.*, *Deltona Transformer Corp. v. Noco Co.,* No. 6:19-cv-308-CEM-LRH, 2021 WL 4443999, at *1 (M.D. Fla. June 21, 2021) (sealing exhibits reflecting plaintiff's "internal business operations, financials, customer information, competitive strategy, business decisions of the parties, and internal decision making-process"); *Local Access, LLC v. Peerless Network, Inc.*, No. 6:14-cv399-Orl-40TBS, 2017 WL 2021761, *2–3 (M.D. Fla. May 12, 2017) (permitting sealing of proprietary financial and business information); *Patent Asset Licensing LLC, v. Bright House Networks, LLC*, No. 3:15-cv-742-J-32MCR, 2016 WL 2991057, *2 (M.D. Fla. May 24, 2016) (permitting party to file confidential business information under

---

[3] The Mesa Agreement is filed as a slipsheet at Doc. 28-2.

- 5 -

seal where such documents' exposure could "violate the parties' privacy or proprietary interests").

Here, the confidential business information to be sealed is not related to "public officials or public concerns," and the Court finds that there is no less onerous alternative to sealing the information that will ensure its contents remain confidential while permitting the Court to review the information to make decisions on the merits in this action. Thus, Defendants have demonstrated good cause for the sealing of the Mesa Agreement in its entirety.

For the same reasons, the corresponding portions of the RRA Termination Letter, Motion to Dismiss, and the Declaration of Professor Dr. Damjan Mozina, that reference the substance of the Mesa Agreement are properly redacted.[4]

### III.   CONCLUSION

Accordingly, Defendants' amended unopposed motion to file under seal (Doc. 35) is **GRANTED**. Defendants shall promptly file the Mesa Agreement under seal. And since Defendants have already filed redacted versions of the Motion to Dismiss (Doc. 27), the RRA Termination Letter (Doc. 28-1), and the Declaration of Professor Dr. Damjan Mozina (Doc. 32) on the public docket, they shall promptly file unredacted versions under seal.

---

[4] These documents were already filed with these portions redacted.

**DONE** and **ORDERED** in Ocala, Florida on July 28, 2023.

*/s/ Philip R. Lammens*
PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties