UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

**DECLAN FLIGHT, INC. and RIGHT RUDDER AVIATION, LLC,**

    Plaintiffs,

v.                                                              Case No: 5:23-cv-301-GAP-PRL

**TEXTRON EAVIATION, INC. and TEXTRON, INC.,**

    Defendants.

## ORDER

This matter is before the Court on Plaintiffs' motion (Doc. 84) to file under seal an exhibit attached to both the First Amended Complaint ("FAC") (Doc. 44) and the Second Amended Complaint ("SAC") (Doc. 76). Specifically, the exhibit at issue is a letter dated July 31, 2023, involving the Karnovic firm, cited as "Exhibit I" to the FAC (Doc. 44-9) and as "Exhibit I" to the SAC (Doc. 76-9) ("Letter"). Plaintiffs represent that Defendants raised the confidentiality concerns, and thus, have no objection to the instant motion.

### I. LEGAL STANDARD

While the Eleventh Circuit recognizes a "presumptive common law right to inspect and copy judicial records," *United States v. Rosenthal*, 763 F.2d 1291, 1292–93 (11th Cir. 1985), a party may overcome the public's right to access by demonstrating good cause. *Romero v. Drummond Co., Inc.*, 480 F.3d 1234, 1246 (11th Cir. 2007). In balancing the competing interests of the public's right of access and the party's interest in maintaining confidentiality, a court may consider:

> [W]hether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents.

*Romero*, 480 F.3d at 1246. And where, as here, the motion to seal is uncontested, "the Court must still ensure that the motion is supported by good cause." *Main & Associates, Inc. v. Blue Cross & Blue Shield of Ala.*, No. 2:10-CV-326-MEF, 2010 WL 2025375, at *2 (M.D. Ala. May 20, 2010).

## II.     DISCUSSION

The Letter contains an annex listing non-party customer names, contract values, and other competitively sensitive information. The Court agrees that protecting the privacy and business interests of these customers, who are neither parties to this litigation nor affiliated with any party, presents good cause to redact their names from the Letter. *See e.g., Local Access, LLC v. Peerless Network, Inc.,* No. 6:17-cv-236-WWB-EJK, 2022 WL 17452314, at *1 (M.D. Fla. Dec. 6, 2022) (permitting party to file customer names and other business information under seal); *Toms v. State Farm Life Ins. Co.,* No. 8:21-cv-736-KKM-JSS, 2022 WL 2953523, at *8 (M.D. Fla. July 26, 2022) (granting a motion to seal exhibits containing private information of third parties); *Aileron Inv. Mgmt., LLC v. Am. Lending Ctr., LLC*, No. 8:21-cv-146-MSS-AAS, 2022 WL 523549, at * 3 (M.D. Fla. Feb. 22, 2022) ("confidential business information from nonparties . . . presents good cause to seal the exhibits.")

Moreover, courts in this District have routinely recognized that maintaining the privacy of confidential business information can constitute good cause for keeping documents from the public view. *See, e.g.*, *Deltona Transformer Corp. v. Noco Co.,* No. 6:19-cv-308-CEM-

LRH, 2021 WL 4443999, at *1 (M.D. Fla. June 21, 2021) (sealing exhibits reflecting plaintiff's "internal business operations, financials, customer information, competitive strategy, business decisions of the parties, and internal decision making-process"); *Local Access, LLC v. Peerless Network, Inc.*, No. 6:14-cv399-Orl-40TBS, 2017 WL 2021761, *2–3 (M.D. Fla. May 12, 2017) (permitting sealing of proprietary financial and business information); *Patent Asset Licensing LLC, v. Bright House Networks, LLC*, No. 3:15-cv-742-J-32MCR, 2016 WL 2991057, *2 (M.D. Fla. May 24, 2016) (permitting party to file confidential business information under seal where such documents' exposure could "violate the parties' privacy or proprietary interests").

Here, the confidential business information to be sealed is not related to "public officials or public concerns," and the Court finds that there is no less onerous alternative to sealing the information that will ensure its contents remain confidential while permitting the Court to review the information to make decisions on the merits in this action. Thus, Plaintiffs have demonstrated good cause for the sealing of the Letter.

### III.  CONCLUSION

Accordingly, Plaintiffs' unopposed motion to file under seal (Doc. 84) is **GRANTED**. The Clerk shall promptly seal "Exhibit I" to the FAC (Doc. 44-9) and "Exhibit I" to the SAC (Doc. 76-9). Plaintiffs shall file a redacted version of the Letter, linking back to the FAC and SAC.

**DONE** and **ORDERED** in Ocala, Florida on January 2, 2024.

PHILIP R. LAMMENS
United States Magistrate Judge

- 4 -

Copies furnished to:

Counsel of Record
Unrepresented Parties