UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

**DECLAN FLIGHT, INC. and RIGHT RUDDER AVIATION, LLC,**

    Plaintiffs,

v.                                                         Case No: 5:23-cv-301-GAP-PRL

**TEXTRON, INC. and TEXTRON eAVIATION, INC.,**

    Defendants.

## REPORT AND RECOMMENDATION[1]

This matter is before the Court on Defendants' Bill of Costs seeking to recover $10,824.24 in translation costs. (Docs. 100 and 101). Plaintiffs have filed a response in opposition. (Doc. 104). For the reasons discussed below, I submit that the translation costs are not recoverable under 28 U.S.C. § 1920, and thus, they should not be taxed against Plaintiffs.

### I. Background

On March 12, 2024, the Court granted Defendants' motion to dismiss Plaintiffs' second amended complaint. (Doc. 95). The Court dismissed without prejudice Counts I and II based on forum *non conveniens*; and dismissed with prejudice Count III for failure to state a claim.

---

[1] Within 14 days after being served with a copy of the recommended disposition, a party may file written objections to the Report and Recommendation's factual findings and legal conclusions. See Fed. R. Civ. P. 72(b)(3); Fed. R. Crim. P. 59(b)(2); 28 U.S.C. § 636(b)(1)(B). A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. See 11th Cir. R. 3-1.

Defendants then submitted a Bill of Costs pursuant to Federal Rule of Civil Procedure 54(d) and 28 U.S.C. §1920 requesting translation costs in the amount of $10,824.24. (Doc. 100). Specifically, these costs were incurred for translating from Slovene to English documents attached as exhibits to Professor Dr. Damjan Mozina's declaration. Professor Mozina's declaration (and supporting exhibits) were submitted in support of Defendants' motion to dismiss. (Doc. 80-7). Plaintiffs have filed an objection in which they dispute Defendants' entitlement to recover costs as well as the recoverability of translation costs under §1920.

## II.     Discussion

Federal Rule of Civil Procedure 54(d) provides that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Title 28 U.S.C. § 1920 defines the costs taxable under Rule 54(d). *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 445 (1987). Section 1920 authorizes the taxing of:

> (1) Fees of the clerk and marshal;
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
> (3) Fees and disbursements for printing and witnesses;
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
> (5) Docket fees under section 1923 of this title;
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920.

At issue here is the sixth category, specifically the item of taxable costs identified as "compensation of interpreters." Defendants contend that costs for the translation of the written documents used as exhibits to Professor Mozina's declaration fall within this category. However, the Supreme Court has held that "compensation of interpreters" is limited to the cost of oral translation and does not include the translation of written documents. *Taniguchi v. Kan Pacific Saipan, Ltd.*, 566 U.S. 560, 569-72 (2012); *see also, Regueiro v. American Airlines Inc.,* No. 1:19-cv-23965-JEM, 2024 WL 945263, *9 (S.D. Fla. Feb. 7, 2024) ("A prevailing party may tax the cost of interpreter services for oral translation from one language to another, but may not tax the cost of document or written translation services."); *Soares v. Goncalves,* No. 6:22-cv-1268-CEM-EJK, 2022 WL 18774816, *2 (M.D. Fla. Nov. 18, 2022) (denying recovery of translation costs explaining that § 1920 compensation of "interpreters" has been narrowly construed to allow "oral but not document translation since the ordinary meaning of 'interpreter' is a person who orally translates.").

### III. Recommendation

Accordingly, I submit that Defendants are not entitled to recover the $10,824.24 in translation costs requested in Defendants' Bill of Costs (Doc. 100).

Recommended in Ocala, Florida on May 3, 2024.

_____
PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party

- 4 -

Courtroom Deputy